# CAHILL GORDON & REINDEL LLP

32 OLD SLIP
NEW YORK, NY 10005

TELEPHONE: (212) 701-3000
WWW.CAHILL.COM

900 16th STREET, N.W. Suite 500
WASHINGTON, DC 20006
(202) 862-8900

221 W. 10th STREET
WILMINGTON, DE 19801
(302) 884-0000

20 FENCHURCH STREET
LONDON EC3M 3BY
+44 (0) 20 7920 9800

(212) 701-3120

May 5, 2026

**VIA ECF**

Clerk of the Court
United States Court of Appeals for the Ninth Circuit
The James R. Browning Courthouse
95 7th Street
San Francisco, CA 94103

> Re: *The Babylon Bee, LLC* v. *Bonta*, No. 25-6138, Submission of Supplemental Authority, Fed. R. App. P. 28(j); Ninth Circuit Rule 28-6

To the Clerk of Court:

X Corp. submits this Court's decision in *Doe 1* v. *Meta Platforms, Inc.*, No. 24-1672, 2026 WL 1144707 (9th Cir. Apr. 28, 2026) (Ex. 1), as supplemental authority.

In *Doe 1*, this Court reaffirmed that the immunity afforded by 47 U.S.C. § 230(c)(1) ("Section 230(c)(1)") reaches broadly, holding that claims challenging a platform's failure to moderate and monitor third-party content are barred because "[a]sking a platform to monitor and review third-party content goes to Section 230's core." *See* 2026 WL 1144707, at *6 (barring claims that "suggest[ed] that Meta did not do enough to screen and moderate content").

This Court also reaffirmed that a proactive monitoring requirement is not a prerequisite for Section 230(c)(1) immunity, even if such a requirement would trigger the immunity. This Court explained that, "if a claim turns on a defendant's status as a publisher or conduct of publishing—including 'reviewing, editing, and deciding whether to publish or to withdraw from publication third-party content'—it is barred under Section 230." *Id.* at *5 (quoting *Barnes* v. *Yahoo!, Inc.*, 570 F.3d 1096, 1102 (9th Cir. 2009)). *Doe 1* directly supports X Corp.'s argument that Section 230(c)(1) immunity is not conditioned on a proactive monitoring mandate, and rather applies where, as here, liability is premised on the "quintessential publishing conduct of evaluating, reviewing, removing, and editing/labeling third-party [content]." *See* Dkt. 30.1 at 48–52.

In addition, this Court confirmed in *Doe 1* that Section 230(c)(1) does not distinguish between publisher and distributor liability, as the Ninth Circuit case law has "'discarded the longstanding distinction between 'publisher' liability and 'distributor' liability' that existed at

CAHILL GORDON & REINDEL LLP

-2-

common law." 2026 WL 1144707, at *9 n.5 (quoting *Calise* v. *Meta Platforms, Inc.*, 103 F.4th 732, 747 (9th Cir. 2024) (R. Nelson, J., concurring)); *see id.* ("This is a distinction without a difference."). Accordingly, Appellants' argument that AB 2655 is permissible because it merely treats covered platforms as "distributors" is foreclosed. *See* Dkt. 30.1 at 46 & n.19; Dkt. 19.1 at 26–29, 30–31.

This Court should affirm the district court's decision granting summary judgment to the Appellees.

Respectfully submitted,

/s/ Joel Kurtzberg

CAHILL GORDON & REINDEL LLP
Joel Kurtzberg
Floyd Abrams
Jason Rozbruch
32 Old Slip
New York, NY 10005
Telephone: 212-701-3120
Facsimile: 212-269-5420

DOWNEY BRAND LLP
William R. Warne
Meghan M. Baker
621 Capitol Mall, 18th Floor
Sacramento, CA 95814
Telephone: 916-444-1000
Facsimile: 916-444-2100

*Attorneys for Appellee X Corp.*

Word Count: 350 words (Fed. R. App. P. 28(j); Ninth Circuit Rule 28-6)

Cc:    All Counsel of Record (via ECF)